IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 18-15-H-SEH |
| | CV 21-13-H-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| JEREMY JAMES RUMMEL, | |
| Defendant/Movant. | |

Defendant/Movant Jeremy James Rummel, a federal prisoner proceeding pro se, has moved to vacate, set aside, or correct his sentence.[1]  The motion will be liberally construed.[2]

Rummel asserts ineffective assistance of counsel.  Facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is "a reasonable probability that, but for

---

[1] *See* 28 U.S.C. § 2255(a).

[2] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Rishor v. Ferguson*, 822 F.3d 482, 495 (9th Cir. 2016).

counsel's unprofessional errors, the result of the proceeding would have been different"[3] must be alleged to warrant further proceedings.

Rummel was designated a career offender[4] under the Sentencing Guidelines. The designation applied because he had two prior felony convictions for a "controlled substance offense."[5] Courts employ a categorical approach, looking only to the elements of the statute underlying the conviction, not to the facts of the offense to determine whether a prior conviction counts as a controlled substance offense under the Guidelines.[6]

Counsel argued that a federal conviction for conspiracy to manufacture methamphetamine was not a controlled substance offense. In fact it is.[7]

Rummel was also convicted of criminal distribution of dangerous drugs,

---

[3] See Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984).

[4] See U.S.S.G. §§ 4B1.1, 1.2 (Nov. 1, 2018); Presentence Report ¶¶ 28, 45–46, 50.

[5] See U.S.S.G. § 4B1.2(b) & cmt. n.1.

[6] See United States v. Simmons, 782 F.3d 510, 513 (9th Cir. 2015); United States v. Lee, 704 F.3d 785, 788 (9th Cir. 2012).

[7] See 21 U.S.C. §§ 846, 841(a); Order (Doc. 148) at 2–3.

oxycodone,[8] in violation of Mont. Code Ann. § 45-9-101(1) in 2009.[9]  A

controlled substance offense categorically includes solicitation.[10]

Counsel's assistance was neither unreasonable nor prejudicial.  Reasonable

jurists may disagree about the method or outcome of categorical analysis, but all

would agree that counsel's performance was reasonable under case law at the time

of Rummel's sentencing.

A certificate of appealability[11] is unwarranted.

ORDERED:

1.  Rummel's motion to vacate, set aside, or correct the sentence under 28

U.S.C. § 2255[12] is DENIED.

2.  A certificate of appealability is DENIED. The clerk shall immediately

process the appeal if Rummel files a Notice of Appeal.

---

[8] *See* Doc. 149-1 at 5–6, 20–21; *see also Ragasa v. Holder*, 752 F.3d 1173, 1176 (9th Cir. 2014); *Coronado v. Holder*, 759 F.3d 977, 983–85 (9th Cir. 2014) (following *Descamps v. United States*, 570 U.S. 254, 263–64 & n.2 (2013)).  The focus remains on elements, not conduct.

[9] *See* Am. Presentence Report ¶ 46.

[10] *See* Mont. Crim. Jury Instr. No. 9-101; Mont. Code Ann. §§ 45-9-101(2), 50-32-101(6), (20), 50-32-224(1)(a)(xv) (2009) (now (xvi)); *see also* 21 U.S.C. § 812(c); 21 C.F.R. § 1308.12(b)(1)(xiv) (Oct. 30, 2020); 39 Fed. Reg. 22140, 22142 (June 20, 1974) (classifying oxycodone as Schedule II controlled substance).

[11] *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[12] Doc. 146.

3

3.  The clerk shall ensure that all pending motions in this case and in CV 21-

13-H-SEH are terminated and shall close the civil file by entering judgment in

favor of the United States and against Rummel.

DATED this ___19ᵗʰ___ day of May, 2021.


Sam E. Haddon
United States District Court